IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 74,938 & 74,939






EX PARTE JOHNNY STEPTOE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Price, J., filed a concurring opinion.



O P I N I O N




 I agree with the majority that we should allow the applicant to file an out-of-time
petition for discretionary review. I write separately to explain why I think that the doctrine
of laches should not apply to this case. The facts of this case are distinguishable from Ex
parte Carrio (1) because the State did not argue that the applicant's claims should barred by
the doctrine.

 In Carrio, we held that the doctrine of laches may apply in an appropriate case. In
that case, the State argued that, because of the appellant's fourteen-year delay in bringing
his claims of ineffective assistance of counsel, the applicant should be barred from having
the merits of those claims decided. (2) The State claimed that its ability to respond to the
Carrio's claims was prejudiced by his failure to bring them in a reasonable amount of time. (3)

 We cited with approval Rule 9(a) of the federal habeas corpus rules. (4) We explained
that Rule 9(a) required that the State show (1) "a particularized showing of prejudice," (2)
"that the prejudice was caused by the petitioner having filed a late petition," and (3) "that the
petitioner has not acted with reasonable diligence as a matter of law." (5) Although we did not
explicitly adopt these requirements, Carrio relies almost exclusively on Rule 9(a) and
cases interpreting it. (6) 

 I would agree with the conclusion that the applicant waited too long to bring his
claims in this case if the State had satisfied the three requirements of Rule 9(a). To the
contrary, in the State's original response to the application, the State requested the trial
court to designate the issue of ineffective assistance of counsel as an unresolved issue. 
After the trial court received the affidavit from appellate counsel, the State made proposed
findings of fact, which the trial court signed. Those findings state that the applicant's
appellate counsel notified the applicant that his conviction had been affirmed by the Court
of Appeals but failed to notify the applicant that he had a right to file a pro se petition for
discretionary review. 

 We should assume that the State was aware of Carrio and knew that it could raise
the doctrine of laches if it was so inclined. In this case it is particularly true because the
applicant's conviction was obtained in Harris County, the same county from which Carrio's
conviction was obtained. But, the State never argued that the applicant's claim was so stale
that the State was unable to respond to the merits of the claim. The State was clearly not
prejudiced in its ability to respond.

 And, because the State never argued that the doctrine should apply to this case, the
trial court made no findings on this issue. In Carrio, we said that because the parties had
not had the benefit of our opinion, the record was insufficient to rule on the State's claim
that Carrio's claims were barred by the doctrine. (7) We remanded the case for findings on
that issue. Here we have no findings regarding the possible application of the doctrine, and
the parties did have the benefit of our opinion in Carrio. We could not, on this record, find
that the applicant's claim was barred by the doctrine of laches.

 Also, I believe that the fact that the applicant could raise only one claim in his
petition for discretionary review is of no moment. Generally we do not look behind the
request for an out-of-time appeal or out-of-time petition for discretionary review to
determine whether we should grant relief. The parties have not asked us to do so in this
case. And, the fact that the applicant may not have his conviction successfully reversed on
petition for discretionary review has no bearing on whether the doctrine of laches ought to
apply in this case.

 I do not think that the laches doctrine applies here, primarily because the State has
not asked us to apply it and because the trial court made no findings on this issue. With
these comments, I join the majority.


Filed: April 21, 2004.

Publish.
1. 992 S.W.2d 486 (Tex. Crim. App. 1999).
2. Id., at 487.
3. Ibid.
4. 28 U.S.C. 2254.
5. Carrio, 992 S.W.2d at 488 (citing Walters v. Scott, 21 F.3d 683, 686 (5th Cir.
1994).
6. Id., at 487-88.
7. Id., at 488.